UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL LEDBETTER,**

      **Plaintiff,**

**v.**                                          **Case No:   6:15-cv-809-Orl-22KRS**

**BOWL DAYTONA, LLC, d/b/a Bellair Lanes,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT (Doc. No. 48)**
>
> **FILED:** **October 19, 2016**

**I.    BACKGROUND.**

Plaintiff Michael Ledbetter filed a complaint against Defendant Bowl Daytona, LLC, d/b/a Bellair Lanes, raising claims for failure to properly pay overtime compensation and failure to pay the minimum wage as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 1. On October 19, 2016, counsel filed the instant motion, indicating that the parties have reached a settlement and requesting that the Court approve that settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 48. The parties attached a signed copy of their settlement agreement to the motion. Doc. No. 48-1. If the

settlement is approved, the parties stipulate to dismissal of Plaintiff's claims with prejudice. *Id.* at 4.

The motion was referred to the undersigned for issuance of a Report and Recommendation, pursuant to a standing Order of Reference. Doc. No 9. The matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.    ANALYSIS.

### A.    *Whether Plaintiff Has Compromised His Claims.*

Under the Settlement Agreement, Defendant will pay a total of $12,000.00.  Doc. No. 48-1 at 2-3.  That amount will be allocated in twenty-five installment payments – an initial payment of $1,250.00 to both Plaintiff and his attorneys, twenty-three payments of $200.00 each to Plaintiff and his attorneys, and a final payment of $150.00 to both Plaintiff and his attorneys.[2]  In total, Plaintiff will receive a total of $6,000.00, as will his attorneys.

In the parties' motion, Plaintiff estimates that if he were to prevail as to the number of hours he allegedly worked, he would be entitled to between $14,000.00 and $19,000.00.  Doc. No. 48 at 3.  Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

### B.    *Whether the Amount Is Fair And Reasonable.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.  The parties agree that this action involves many disputed issues.  *Id.*  Plaintiff asserts that he regularly performed services as an employee for Defendant from January 1, 2014 to November 14, 2014 and again from January 17, 2015 to March 18, 2015.  *Id.*  However, there is a dispute between the parties as to whether Plaintiff was an employee or an independent contractor.  *Id.*  Defendant contends he was an independent contractor and therefore not entitled to minimum wages and/or overtime under the FLSA.  *Id.*  Defendant further contends that even if Plaintiff was an employee subject to the FLSA, he performed

---

[2] No deductions shall be made from these amounts and a 1099 Form shall be issued.

- 3 -

minimal hours of services during only a limited number of days.  *Id.*  Defendant also asserts that it is entitled to a credit for cash payments made and lodging provided to Plaintiff.  *Id.*  Plaintiff acknowledges that if he were able to overcome the employee/independent contractor dispute, he would experience difficulty in proving the number of hours he worked.  *Id.* at 3-4.  Finally, Defendant notes that it is experiencing financial difficulties that heighten the risks and time and expense of continuing to litigate the action.  *Id.* at 4.  The parties therefore believe that settlement is a reasonable means for mitigating future risks and litigation costs attendant to the resolution of these disputed issues.  *Id.*

These facts adequately explain the parties' compromise.  Accordingly, I recommend that the Court find that the amount of the compromise is reasonable.  *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

### C. Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.

Because Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his attorneys is reasonable, to ensure that the fees and costs to be paid to his attorneys did not improperly influence the amount Plaintiff agreed to accept.  *See Silva*, 307 F. App'x at 351.  "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228.  If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach.  *Id.*

Here, the parties represent that the attorneys' fees and costs are a significant downward departure from the fees and costs actually incurred in the case and that they were negotiated

- 4 -

separately and without regard to the amount to be paid for Plaintiff's underlying claims. Doc. No. 48 at 4. Based on this representation, there is no reason to believe that the amount Plaintiff agreed to accept was adversely affected by the amount of fees paid to his counsel.

> D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, Plaintiff's release is narrowly tailored to release his FLSA claims, which are the only claims asserted in this lawsuit. The release states that Plaintiff shall "not initiate or instigate any future judicial or administrative proceedings against the Released Parties that in any way involve allegations or facts arising from the hours worked during his employment with the Released Parties…." Doc. No. 48-1 at 3. Accordingly, the release does not undermine the fairness or reasonableness of the settlement agreement.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT** the Joint Motion for Approval of FLSA Settlement Agreement (Doc. No. 48);

2. **FIND** that the parties' Settlement Agreement (Doc. No. 48-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **DISMISS** the case with prejudice; and

    4.    **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 25, 2016.

                                        *Karla R. Spaulding*
                                        KARLA R. SPAULDING
                                        UNITED STATES MAGISTRATE JUDGE